# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHANNON CARTER,

        Plaintiff

v.

JAMES DZURENDA et al.,

        Defendants.

Case No.: 2:18-cv-00452-APG-BNW

**ORDER**

    This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On April 26, 2019, Magistrate Judge Leen ordered plaintiff Shannon Carter to file his updated address with the court by Friday, May 10, 2019. ECF No. 9. The deadline has now expired, and Carter has not filed his updated address or otherwise responded to the order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because a presumption of injury arises from the unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Magistrate Judge Leen's order requiring Carter to file his updated address with the court by May 10, 2019 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, the Court shall recommend dismissal with prejudice." ECF No. 9 at 1. Thus, Carter had adequate warning that dismissal would result from his noncompliance with the order to file his updated address.

It is therefore ordered that this action is dismissed with prejudice based on the plaintiff's failure to file an updated address in compliance with April 26, 2019 order.

It is further ordered that the inmate early mediation scheduled for May 24, 2019 (ECF No. 7) is vacated.

It is further ordered that the Clerk of Court will enter judgment accordingly.

Dated: May 15, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE