# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No.: 2:18-cv-00452-APG-BNW |
| Plaintiff | **Order Denying Motions for Temporary Restraining Order and Preliminary Injunction** |
| v. | |
| JAMES DZURENDA, et al., | [ECF Nos. 24, 25] |
| Defendants | |

Plaintiff Shannon Carter sues for events that took place while he was a prisoner at High Desert State Prison (HDSP). ECF No. 1-1 at 1. Following screening, his claim for deliberate indifference to his serious medical need was allowed to proceed against defendants Head Dentist Bitar, Dentist Mangapitt, Dentist Assistant Scherrie Bean, Warden Brian Williams, Medical Director R. Aranas, and Dental Assistant Jane Doe. *Id.*; ECF No. 4 at 3-7.

Carter moves for a temporary restraining order and preliminary injunction, arguing that he is being denied access to the courts because he is being denied (1) efficient and timely means to send out mail, (2) access to the law library, (3) someone trained in the law, and (4) all necessary legal materials for him to pursue his case pro se. He thus requests the court order the defendants to provide him with paper, pens, envelopes, and a legal box. ECF No. 24-2 at 1. He also requests physical access to the law library or that he be provided with someone trained in the law to assist him. *Id.* Alternatively, he requests I appoint counsel. *Id.*

Defendants Scherrie Bean and Brian Williams oppose, arguing that the present motion requests relief outside the complaint, which alleges only a claim for a deliberate indifference to medical needs. They further assert that Carter's ability to file the present motion shows he is not being denied access to the courts. And they contend that his own motion shows he is seeking

supplies for a case other than this one.  Finally, they argue the court has previously denied his request for appointed counsel.

Preliminary injunctive relief is appropriate where "the intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).  But a court cannot issue an injunction that "deals with a matter lying wholly outside the issues in the suit." *Id.*

Carter's requested relief is wholly outside the issues in this lawsuit.  His lawsuit is for deliberate indifference to his serious medical needs related to his dental treatment.  His request for injunctive relief relates to an alleged denial of access to the courts.  Moreover, Carter has not shown he has been denied access to the court in this case.  He has been able to file a complaint and application to proceed in forma pauperis, move for appointment of counsel, participate in the mediation, file the present motions, and move for a scheduling order. ECF Nos. 1; 2; 16; 24; 25; 28.  The exhibit he attaches to his motion shows he was denied supplies for a different case. ECF No. 24-2 at 5.  There is no evidence he has been denied access to the court in this case.  Finally, I previously denied his request for appointment of counsel. ECF No. 4 at 7-8.  He has not shown a change in circumstances that would support revisiting that ruling.  I therefore deny his motions for injunctive relief.

IT IS THEREFORE ORDERED that plaintiff Shannon Carter's motions for temporary restraining order and preliminary injunction **(ECF Nos. 24, 25) are DENIED**.

DATED this 1st day of October, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE