# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

SHANNON CARTER,

    Plaintiff,

v.

JAMES DZURENDA, et al.,

    Defendants.

Case No. 2:18-cv-00452-APG-BNW

**ORDER**

    Presently before the Court is Plaintiff Shannon Carter's Motion for Extension of Time for Service (ECF No. 35) and for Stay of the Summary Judgment Motion (ECF No. 36), filed on November 8, 2019. Defendants Bean and Aranas filed a response opposing both requests on November 22, 2109 (ECF Nos. 37 and 38).

**I.    <u>Request for Extension of Time for Service of Process</u>**

    Plaintiff requests an extension to serve the summonses and complaint on Defendants Bitar, Mangapit, and Aranas.[1] Plaintiff does not specifically address how much time he seeks to do so. Plaintiff's current deadline for serving all Defendants expired on August 28, 2019. (*See* ECF No. 18 (ordering service of process to be perfected within 90 days on May 30, 2019).) In support of his motion, Plaintiff states that he first learned the Attorney General's Office would

---

[1] Plaintiff also includes a Jane Doe defendant in his complaint. ECF No. 5. Given that service of process cannot be effectuated on a Jane Doe defendant, the court will only address service of process on the named unserved defendants.

not accept service on behalf of the remaining named unserved defendants on October 24, 2019 and had no reason to believe that would be the case.[2]

Defendants Bean and Williams, who are represented by the Attorney General Office, respond that sending Plaintiff a letter on October 24, 2019, indicating they would not accept service for Bitar, Mangapit, and Aranas, was not the only mechanism through which Plaintiff would have been on notice of this fact. Bean and Williams explain that back in June of 2019, they also filed a Notice of Acceptance of Service with the court conveying this same information. (ECF No. 19.) In addition, these two defendants point out that the Answer was filed *only* by Bean and Williams. Lastly, Defendants Bean and Williams point out that Plaintiff's request was filed after the expiration of the deadline (August 28, 2019).

Rule 4(m) establishes the time for service on domestic defendants: if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. The rule further provides that if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id*.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty*., Cal., 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause

---

[2] Plaintiff also states that he filed a motion with this court requesting that Defendant Aranas' last known address be filed under seal. There is no such motion filed in this docket. It is clear that Plaintiff is confusing this case with another case he has filed in this district: 17-cv-1628-RFB-EJY. Plaintiff is cautioned that these are two separate cases, and actions undertaken in one case do not necessarily have any bearing on another case. Nevertheless, as to the issue Aranas' last known address, on June 19, 2019, the Attorney General filed a Notice of Acceptance of Service which specifically states that it would file, under seal, the last known addresses for all other identified defendants for whom service of process was not accepted, including Aranas. (ECF No. 19.)

requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Plaintiff has not demonstrated good cause to extend time to serve Defendants. Plaintiff was on notice as to which defendants he would be responsible for serving as early as June 19, 2019. (*See* ECF No. 19.) Moreover, the Answer that was filed on July 24, 2019 was filed only by Defendants Bean and Williams. (ECF No. 23.) Lastly, Plaintiff has not been diligent because he failed to move to extend time to serve the remaining Defendants before the 90-day deadline expired.

Regardless, under Rule 4, the court has discretion, even without good cause, to extend the time for service. *In re Sheehan*, 253 F.3d at 513. Given that this is Plaintiff's first request to extend time for service, the court will grant Plaintiff until June 11, 2020 to serve the named unserved Defendants. Plaintiff is advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future. In addition, at this point, Plaintiff has not complied with this court's May 30, 2019 Order stating that Plaintiff has to first file a motion requesting the issuance of summonses for the named unserved defendants (Bitar, Mangapit, and Aranas). The address for those defendants has already been provided and has been filed under seal. (ECF Nos. 19, 20.) That motion is the first step to perfecting service of process on the named unserved defendants. Plaintiff has 30 days from today's date to file that motion.

## II. Request for Stay of Motion for Summary Judgment

Plaintiff requests that ruling on the motion for summary judgment (ECF No. 32) be stayed until the remaining defendants have been served. Defendants Bean and Williams oppose this request. In essence, Bean and Williams argue the district court can make its ruling on that motion based on the current procedural posture of this case: the motion for summary judgment filed by Plaintiff includes non-parties and does not specify the individual defendant(s) against whom summary judgment should be entered.

A "district court has inherent power 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. U.S.*

*Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In addition, Federal Rule of Civil Procedure 1 emphasizes the need to ensure that all procedures in civil actions be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This court finds that, in accordance with the guidance of Federal Rule of Civil Procedure 1, staying the decision of Plaintiff's motion for summary judgment will not further those interests. Plaintiff could have waited to file his motion for summary judgment (but instead, he filed it before the deadline) or could have sought an extension of the deadline to file such motion and wait until all defendants had been served. Nothing can be gained from staying that decision. As a result, this court will deny Plaintiff's request to stay the ruling on the motion for summary judgment. (ECF No. 32.)

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time for Service (ECF No. 35) is **GRANTED**, making the service deadline June 11, 2020 for all remaining named defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 3, 2020 to file a Motion for the issuance of summonses as to the remaining named unserved defendants (Bitar, Mangapit, and Aranas).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay the Motion for Summary Judgment is **DENIED**.

DATED: March 11, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE