UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Shannon Carter,<br><br>    Plaintiff,<br><br>v.<br><br>James Dzurenda, et al.,<br><br>    Defendants. | Case No. 2:18-cv-00452-APG-BNW<br><br>**ORDER** |

Before the Court is plaintiff Shannon Carter's motion to issue summonses. (ECF No. 47.) The Court will construe the motion as one to issue summonses and to effect service of process. Further, the Court will grant Carter's motion because he proceeds in forma pauperis and he is therefore entitled to the Court's aid in issuing and serving all process.

**I.    Background.**

Carter initiated this matter with an application for leave to proceed in forma pauperis and an accompanying complaint asserting claims under 42 U.S.C. § 1983. (ECF No. 1.) Carter's complaint survived screening by the district judge, and it remains the operative complaint in this matter. (ECF Nos. 5 and 6.) This Court subsequently granted Carter's application to proceed in forma pauperis. (ECF No. 18.)

Nevada's Office of the Attorney General accepted service on behalf of defendants Scherrie Bean and Brian Williams. (ECF No. 19.) The Attorney General declined to accept service on behalf of defendants Romeo Aranas, Ronrico Mangapit, and Paul Bitar (the "non-appearing defendants"). (*Id.*)[1] Instead, the Attorney General filed the non-appearing defendants' last-known addresses under seal. (ECF No. 20.)

---

[1] In his complaint, Carter also asserted a claim against defendant Jane Doe. (ECF No. 5 at 3.) The Court will not construe Carter's motion to seek service of process upon Doe because he has provided neither a name nor address to identify or serve her. *Aguirre v. Munk*, No. C 09-763 MHP, 2011 WL 2149087, at \*14 (N.D. Cal.

1    Carter's original deadline for serving the non-appearing defendants was August 28, 2019.
2    (*See* ECF No. 18 (ordering Carter to effect service of process within 90 days from May 30, 2019).)
3    That deadline lapsed and Carter subsequently moved to extend the time for service. (ECF No. 46.)
4    This Court granted Carter's motion, ordered him to file a new motion requesting issuance of
5    summonses by April 10, 2020, and further ordered him to complete service by June 11, 2020. (ECF
6    No. 46.) Carter filed the underlying motion on March 23, 2020. (ECF No. 47.)

**II.    Discussion.**

This Court construes Carter's motion as one to issue summonses for—and to effect service of process upon—the non-appearing defendants. When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[2] Carter proceeds in forma pauperis. Accordingly, Carter is entitled to the Court's aid in issuing and serving all process and the Court will therefore grant his motion.

The Court will order the Clerk of Court to issue summonses, under seal, for Aranas, Mangapit, and Bitar. Further, the Court will order that the Clerk of Court send Carter three blank copies of form USM-285, the form that the U.S. Marshals Service requires before it can attempt to effect service of process. Carter must fill out the forms but leave blank the defendants' address information. Carter must send the USM-285 forms to the U.S. Marshals Service within 20 days from the date of this order.[3] Finally, the Court will order the U.S. Marshals Service to attempt service on Aranas, Mangapit, and Bitar at their last known addresses, filed under seal by the Attorney General at ECF No. 20.

…

---

June 1, 2011) ("Although the court can and does have the U.S. Marshal serve process on defendants routinely . . . it is plaintiff's responsibility to provide a name and address for each defendant to be served.")

   [2]    Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

   [3]    The address for the U.S. Marshals Service's Las Vegas office is 333 Las Vegas Boulevard South, Suite 2058, Las Vegas, Nevada 89101.

### III. Conclusion.

IT IS THEREFORE ORDERED that Carter's motion for issuance of summonses (ECF No. 47) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court send Carter three blank copies of form USM-285.

IT IS FURTHER ORDERED that Carter shall have twenty days in which to furnish the U.S. Marshals Service with the required USM-285 forms. On the forms, Carter must leave blank the defendants' last known addresses. The U.S. Marshals Service will acquire these addresses from the Attorney General's sealed filing at ECF No. 20.

IT IS FURTHER ORDERED that the Clerk of Court issue summonses, under seal, to Romeo Aranas, Ronrico Mangapit, Paul Bitar, using the addresses that were filed under seal at ECF No. 20.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the sealed and issued summonses, and the complaint (ECF No. 5) on the U.S. Marshals Service.

IT IS FURTHER ORDERED that U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Romeo Aranas, Ronrico Mangapit, and Paul Bitar at their last known addresses, filed under seal at ECF No. 20.

DATED: March 31, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE